**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4558**

---

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

KEVIN MITCHELL,

                                        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (CR-01-880)

---

Submitted:  January 15, 2004          Decided:  January 27, 2004

---

Before WIDENER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Kathrine H. Hudgins, Columbia, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin Mitchell pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 180 months imprisonment. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious issues for appeal, but contends on Mitchell's behalf that the district court erred in its adoption of the presentence report's relevant conduct finding that Mitchell sold 1.02 kilograms of cocaine base to a confidential informant. Mitchell has filed a pro se supplemental brief asserting trial counsel was ineffective for withdrawing objections to the presentence report. Finding no error, we affirm.

Mitchell asserts that the district court erred in accepting the drug amounts attributed to him in his Presentence Report (PSR). Because Mitchell withdrew his objections to the PSR, we review for plain error. Fed. R. Crim. P. 52(b). The district court adopted the PSR's finding that Mitchell was responsible for the drugs he sold to undercover agents of the Drug Enforcement Agency, 65 grams, and drug sales attributed to Mitchell for the six month period Mitchell admits he was involved in the conspiracy, 1.02 kilograms. The confidential source reported purchases of one-half ounce three to four times a week for a year from Mitchell. The PSR calculated the relevant conduct based on three sales a week of one-half ounce, four weeks a month for the six month period during which Mitchell admitted involvement in the conspiracy. The

district court did not plainly err in adopting the relevant conduct calculation in the PSR.

To the extent that Mitchell alleges ineffective assistance of counsel, such claims are generally not cognizable on appeal except when the record conclusively establishes such ineffective assistance. <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). A review of the record does not conclusively establish ineffective assistance of counsel; Mitchell's ineffective assistance claim is therefore not cognizable in this direct appeal.

As required by <u>Anders</u>, we have reviewed the record for reversible error and found none. Accordingly, we affirm Mitchell's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>